IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

1. LARRY BERGNER, an individual )
   )
   Plaintiff, )
   ) Case No. 21-cV-00232-GKF-CDL
   v. )
   ) JURY TRIAL DEMANDED
2. STATE OF OKLAHOMA ex rel. ) ATTORNEY LIEN CLAIMED
   OKLAHOMA DEPARTMENT OF )
   HEALTH, )
   )
   Defendant. )

# COMPLAINT

Plaintiff Larry Bergner, by and through his counsel of record Andrew A. Shank, Shanann Pinkham Passley and Sloane Ryan Lile of Eller and Detrich, P.C., hereby submits his claims and causes of action against Defendant State of Oklahoma ex rel. Oklahoma Department of Health, as follows:

## *PARTIES, JURISDICTION AND VENUE*

1. This action arises under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, as amended ("ADEA") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § § 2000e to 2000e-17 ("Title VII").

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a).

3. This Court has jurisdiction over the Parties and the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a), and this action properly lies in the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 1391(b).

4. In compliance with the ADEA and Title VII, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff

received a Notice of Right to Sue letter issued by the EEOC with respect to all charges, prior to instituting this action. This action is timely filed within ninety (90) days of receipt of such Notice of Right to Sue. Thus, jurisdiction is proper in this Court.

5. Plaintiff is, and at all times hereinafter referenced was, domiciled in and a resident of the City of Adair, Mayes County, Oklahoma.

6. All of Defendant's actions and omissions alleged herein occurred in counties located within the Northern District of Oklahoma. Thus, venue is proper in the United States District Court for the Northern District of Oklahoma.

7. Plaintiff is, and at all times relevant to this action was, within the class of individuals over age forty (40) and is protected from age-based discrimination by the ADEA.

8. Plaintiff is not a member of a protected class under Title VII, but has been subjected to treatment, as detailed further in this Complaint, that supports the inference that Defendant discriminates against males.

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

## BACKGROUND FACTS

10. Plaintiffs incorporate paragraphs 1 through 9 by reference in their entirety.

11. Plaintiff was employed by the Oklahoma Department of Health for 23 years, from April 1, 1996 to July 15, 2019.

12. At the time of his termination on July 15, 2019, Plaintiff was a Regional Health Director in the Community Health Services Division of the Oklahoma State Department of Health ("Regional Health Director").

13. At the time he was terminated, Plaintiff was the only male Regional Health Director within the Community Health Services Division with Defendant.

14. Plaintiff performed his job satisfactorily during his 23 year tenure with Defendant, with exemplary annual reviews and multiple honors and awards.

15. Defendant's stated reason for terminating Plaintiff was insubordination related to allegedly improper expenditures. However, other similarly situated female employees of Defendant exercised similar discretion in their expenditures, and they were not terminated or otherwise subjected to disciplinary action.

16. Lynnette Jordan, a female, was demoted from her leadership position as Chief of Protective Health Services on July 16, 2019, only a few days after Plaintiff was terminated. Lynnette Jordan's demotion to a position in Emergency Preparedness permitted her to retain employment with Defendant rather than being terminated.

17. In the fall of 2019, three (3) other female Regional Health Directors, Cara Gluck, Maggie Jackson, and Delbie Walker, were similarly demoted and reassigned to positions within Defendant's organization, rather than being terminated.

18. Unlike the four females, Lynnette Jordan, Cara Gluck, Maggie Jackson, and Delbie Walker, Plaintiff was not demoted, thereby retaining his employment with Defendant, but instead was terminated.

19. Plaintiff timely applied for the position of Program Manager IV, for which he was qualified, on July 19, 2019. The position was not filled and was re-posted on August 12, 2019, at which point Plaintiff timely applied again.

20. Plaintiff was not granted an interview for the position.

21. Plaintiff's qualifications for the position of Program Manager IV included ten (10) years of experience as a Public Health Specialist and thirteen (13) years of experience as a Public Health Specialist Supervisor. With such extensive experience within Defendant's organization, including management experience, Plaintiff was eminently qualified for the Program Manager IV position.

22. Travis Splawn, a male under the age of forty (40), was selected for the Program Manager IV position.

23. Plaintiff timely applied for the position of Public Health Specialist V, for which he was qualified, on or about August 6, 2019.

24. Plaintiff's qualifications for the position of Public Health Specialist V included ten (10) years of experience as a Public Health Specialist and thirteen (13) years of experience as a Public Health Specialist Supervisor. Since a Public Health Specialist Supervisor manages Public Health Specialists, Plaintiff was eminently qualified for the Public Health Supervisor V position.

25. After the first round of interviews, Plaintiff was offered a second interview with Philip Jurina to determine organizational fit.

26. Plaintiff was verbally offered the position by Philip Jurina, the Director of Protective Health Services in Defendant's organization, but five days later, Plaintiff was informed that he was no longer the selected candidate for the position of Public Health Specialist V.

27. Upon information and belief, Philip Jurina was advised to not hire Plaintiff by Rocky McElvany, the Deputy Commissioner of Protective Health Services in Defendant's organization, as "a pot you might not want to stir."

28. Alicia Burkett, a female under the age of forty (40), was selected for the Public Health Specialist V position.

29. Plaintiff timely applied for the position of Public Health Specialist III in Beckham County, Oklahoma, for which he was qualified, shortly after it was posted on August 8, 2019.

30. Plaintiff's qualifications for the position of Public Health Specialist III included ten (10) years of experience as a Public Health Specialist and thirteen (13) years of experience as a Public Health Specialist Supervisor. Since a Public Health Specialist Supervisor manages Public Health Specialists, Plaintiff was eminently qualified for the Public Health Supervisor III position.

31. Plaintiff was not granted an interview for the Public Health Specialist III position in Beckham County, Oklahoma.

32. Justine Velez, a female under the age of forty (40), was selected for the Public Health Specialist III position in Beckham County, Oklahoma.

33. Plaintiff timely applied for the position of Public Health Specialist III in Washington County, Oklahoma, for which he was qualified, shortly after it was posted on February 19, 2020.

34. Plaintiff's qualifications for the position of Public Health Specialist III included ten (10) years of experience as a Public Health Specialist and thirteen (13) years of experience as a Public Health Specialist Supervisor. Since a Public Health Specialist Supervisor manages Public Health Specialists, Plaintiff was eminently qualified for the Public Health Supervisor III position.

35. Plaintiff was not granted an interview for the Public Health Specialist III position in Washington County, Oklahoma.

36. Elizabeth VanOrsdol, a female under the age of forty (40), was selected for the Public Health Specialist III position in Washington County, Oklahoma.

37. Defendant was and is aware of Plaintiff's age and gender, and they were primary motivating factors in Defendant's termination decision and decisions not to re-hire Plaintiff.

38. During Plaintiff's employment with Defendant, all of the comparable positions in his division were held by women.

39. During Plaintiff's employment with Defendant, Plaintiff was held to a higher standard of performance and was subjected to different terms and conditions of employment than were his co-workers who were female and/or under the age of forty (40).

40. Contemporaneously with his termination, Plaintiff's co-workers who were under forty (40) and/or female and had been performing their jobs in an unsatisfactory manner and/or who had fewer qualifications and/or less seniority than Plaintiff were not terminated.

### FIRST CLAIM FOR RELIEF:
### AGE DISCRIMINATION IN VIOLATION OF
### AGE DISCRIMINATION IN EMPLOYMENT ACT

41. Plaintiff hereby incorporates paragraphs 1 through 40 by reference in their entirety.

42. Defendant and its managing agents or employees, maliciously and in reckless disregard of Plaintiff's rights, discriminated against Plaintiff in his employment on the basis of his age, over forty (40). Defendant knew or should have known of this discrimination.

43. Plaintiff has been damaged by said discrimination through loss of past wages and benefits, future wages and benefits, emotional distress, and is entitled to actual, anticipated, and liquidated damages and any other damages allowed under the ADEA.

### SECOND CLAIM FOR RELIEF:
### GENDER DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

44. Plaintiff hereby incorporates paragraphs 1 through 43 by reference in their entirety.

45. While Plaintiff is not a member of a protected class, the factual allegations of this Complaint establish that Plaintiff was subjected to disparate treatment and disciplinary action, including his termination, compared to his female counterparts in his department.

46. The factual allegations of the Complaint establish that Plaintiff was repeatedly passed over for re-employment opportunities for which he was more than qualified in favor of hiring females.

47. Plaintiff's termination was a direct result of Defendant's discrimination on the basis of his gender, as prohibited by Title VII.

48. Defendant's refusal to interview, consider, or hire Plaintiff for positions for which he was qualified constitute discrimination on the basis of gender, as prohibited by Title VII.

49. The acts and/or omissions by Defendant give rise to a claim for damages by Plaintiff for the losses occasioned by Defendant's conduct.

## *CONCLUSION*

WHEREFORE, Plaintiff Larry Bergner prays that the Court grant him judgment against Defendant State of Oklahoma ex rel. Oklahoma Department of Health for equitable and compensatory damages, including future pecuniary loss, mental pain and suffering, embarrassment; humiliation, past and future, loss of future earnings, loss of enjoyment of life, inconvenience, back pay, and loss of past and future employment benefits.  Plaintiff also prays for prejudgment interest, an assessment of damages to compensate for any tax consequences of this judgment, a reasonable attorneys' fee and the costs of this action, to be taxed against Defendant, and an award of such other proper relief the Court deems just and equitable.

Respectfully submitted,

**ELLER AND DETRICH**
**A Professional Corporation**


By: /s/ *Sloane Ryan Lile*
Andrew A. Shank, OBA #22298
Shanann Pinkham Passley, OBA #13603
Sloane Ryan Lile, OBA # 21342
2727 E. 21st Street, Suite 200
Tulsa, OK 74114
(918) 747-8900 Phone
(918) 747-2665 - *facsimile*
ashank@ellerdetrich.com
spassley@ellerdetrich.com
slile@ellerdetrich.com

**ATTORNEYS FOR PLAINTIFF**
**LARRY BERGNER**